[No. 1776. April 5, 1917.]

RATON WATERWORKS CO. v. CITY OF RATON.

### SYLLABUS BY THE COURT.

Where the findings of trial court, supported by substantial evidence, show that claim asserted by plaintiff is stale and it would be inequitable to permit him to assert it with success at the later day, held, that such facts bar recovery.

Error to District Court, Colfax County; T. D. Lieb, Judge.

Suit by the Raton Waterworks Company against the City of Raton. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 21 N. M. 515, 157 Pac. 656.

MORROW & ALFORD of Raton and J. G. NORTHCUTT of Trinidad, Colo., for plaintiff in error.

H. L. BICKLEY of Raton and A. T. ROGERS, JR., of Las Vegas for defendant in error.

### OPINION OF THE COURT.

HANNA, C. J.   This is a controversy between the Raton Waterworks Company, a private corporation, and the city of Raton.   The former brought suit in the district court of Colfax county to enforce specific performance of an alleged contract and to enjoin and restrain the latter from prosecuting suits looking to the condemnation of any property involved in the waterworks system of the water company, the plaintiff in error.   The gist of the complaint is that the plaintiff in error was granted a franchise in 1891 to supply water to the inhabitants of the then town of Raton and the right to do all things necessary and incidental thereto; the grant having been made by an ordinance of the town of Raton.   That grant or ordinance contained a provision to the general effect:

That the town of Raton, "after the expiration of five years," shall have "the right to purchase the waterworks with all the rights, properties, and franchises at a fair valuation, which shall be determined by three disinterested persons, non-residents of the town, one of said persons to be chosen by the board of trustees, one by the water company, one by the two thus selected.   When this valuation shall be made as herein provided, the town shall pay the said valuation with 10 per cent. added."

On December 5, 1911, the common council of the city of Raton, the successor of the town of Raton, adopted a resolution.   The preamble thereof recited, among other things, that more than five years had elapsed since the granting of the said franchise, and that the city desired to exercise its right to purchase the waterworks system, pursuant to the provisions of section 7, the substance of which is quoted above.   The resolution then provided that the city was thereby authorized to proceed as speedily as

possible to exercise said right and that it select its appraisers as provided in said section 7. The plaintiff in error alleged that this, together with other action on the part of the said city council, constituted an election to purchase the property, and that thereafter nothing remained to be done except to fix the valuation of the property. The complaint alleges that the valuation was never made, by the neglect of the city of Raton, but it does not allege that it appointed its own appraiser under the terms of the grant, and we assume that its default in this respect is due to the contention made by it that it first became the duty of the city to appoint its appraiser. The complaint, however, alleges upon information and belief that the city did appoint a certain named person as its appraiser. The findings of the court, however, are to the effect that no appraiser was ever appointed by the city, and this finding is conclusive and not subject to attack because no exception was taken thereto. The answer proceeded on the theory, and alleged facts in support thereof, that there had never been an election by the city to exercise its rights to purchase the plant and works of the plaintiff in error, and that the action of the common council, under the statute and Constitution of this state, could not legally be made binding in this respect on the city. It is also asserted that, even should these actions on the part of the common council be held to constitute an election to purchase the property, the same is of no consequence in this cause, because the same was abandoned by both parties. In addition the city, by way of new matter, alleged facts tending to show that the plaintiff in error has, without protest, sat silently by and watched the city expend a large sum of money in the construction of its own waterworks system, and that the plaintiff in error has not only been guilty of gross laches, but is estopped now to declare that the city exercised its option to purchase the property of the plaintiff in error. The trial court sustained all the contentions of the city and made exhaustive findings of fact and conclusions of law, to none of which findings did plaintiff in error except.

Briefly, those are the facts of this case. The plaintiff in error has assigned a number of alleged errors in the action of the trial court. It has briefed but on question, viz: Did the resolution heretofore mentioned constitute an election on the part of the city to purchase the property of plaintiff in error? In order to make that question of any importance it also argues that the trial court erred in holding that it has been guilty of laches or that it was estopped by its conduct in any way. The only other question argued by it concerns its alleged right to relief by way of specific performance. We believe the bill is wholly without equity. The findings of the trial court preclude the plaintiff in error from obtaining any relief, and that result ensues whether the action of the city council in adopting the resolution cited supra constitutes an election on the part of the city to purchase the property of plaintiff in error or not. Assuming that it did constitute such an election, the plaintiff in error is without equity in the premises. The court found that a copy of said resolution was transmitted to plaintiff in error a few days after the resolution was adopted; that neither party by their conduct or actions construed the said resolution as an exercise of the city's right to purchase the property; that if they ever did so construe it they both abandoned such construction, agreement, and contract; and that the actions of the parties have been wholly inconsistent with any such construction or any such alleged option or agreement to purchase. It also found that neither party commenced or performed any act or proceedings to effectuate any such alleged agreement to purchase until upon the day the complaint herein was filed, when plaintiff in error advised defendant in error that it had appointed its appraiser, but this was subsequent to the election held by the city to determine whether it should issue and sell bonds to construct its own plant and action taken with reference to such construction. The court found, further, that the water company declined to sell its works to the city, and continually asked the city for a renewal of its franchise. The fourteenth finding of the court is to the effect that,

although the plaintiff in error was served with a copy of the said resolution adopted by the common council of the city of Raton, it took no steps whatever to effectuate a sale of its property to the city under the alleged election, and for more than two years and seven months stood by in silence and allowed the city to do a number of acts which consummated the construction of its own waterworks system. Plaintiff even protested the application of the city to appropriate water sufficient to carry out its plans to furnish water to its own inhabitants. Those findings, as we have heretofore stated, are conclusive. Obviously the plaintiff in error is in no position to obtain a reversal of the judgment of the trial court under such circumstances. The bill was entertained by the court, but the effect of the court's finding made it necessary to dismiss it because the same was wholly without equity. Even assuming that an election to purchase had been made by the city, the agreement was abandoned by the acts and conduct of the parties, and plaintiff in error cannot be heard to assert its stale claim at this late day. It would avoid the application of the doctrine of laches in this case, on the ground that laches cannot arise nor estoppel fall at one's door so long as negotiations on the subject-matter of the litigation are pending between the parties. The court's finding numbered 13 robs that contention of any importance, for it holds that:

"There were no negotiations pending between the plaintiff and the defendant for the selling by the plaintiff to the defendant of said waterworks system under section 7 of said franchise, nor under said resolution of December 6, 1911, but there were some negotiations between said parties upon the proposition to purchase upon other and different terms, entirely independent of said franchise and resolution, but the water company during such negotiations declined to sell. * * * "

In view of the established fact that the claim of plaintiff in error, viz: that the defendant in error had elected to purchase its property and rights under the clause in the franchise, had become stale and that it would now be inequitable to permit the plaintiff in error to assert it

with success, the judgment of the trial court must be affirmed; and it is so ordered.

PARKER, J., concurs.

NEBLETT, District Judge, sat in the hearing, but, having been elevated to the United States District Bench for New Mexico, did not participate in this decision.